# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## CHARLES F. "FRANK" HOLLAND AND MARY LOU HOLLAND, ET AL.
## v. CITY OF MEMPHIS

### Direct Appeal from the Chancery Court for Shelby County
### No. CH1005462      Arnold B. Goldin, Chancellor

### No. W2011-00594-COA-R3-CV - Filed February 6, 2012

Upon determining that the order appealed in this matter is not a final judgment, we dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J., HOLLY M. KIRBY, J., AND J. STEVEN STAFFORD, J.

B. J. Wade, Memphis, Tennessee, for the appellants, Charles F. "Frank" Holland and Mary Lou Holland.

Allan Jerome Wade, Memphis, Tennessee, for the appellee, City of Memphis.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared to the Court that there is no jurisdiction, because we could find nothing in the record reflecting that the trial court adjudicated the request of Appellants Charles F. "Frank" Holland and Mary Lou Holland that the trial court "enjoin the City of Memphis or its agents from assessing future penalties, attorney's fees and other charges that exceed the amount permitted by law" as

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

set forth in the "Amended Class Action Complaint" filed on May 4, 2010.[2]

By Order entered on June 6, 2011, this Court entered an Order directing Appellants to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order further directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Alternatively, our Order provided that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant had fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of June 6, 2011, provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

The Clerk of this Court transmitted a copy of our Order of June 6, 2011, to Appellant's counsel by certified mail, return receipt requested. Later, the Clerk received the return receipt indicating that Appellant's counsel received the mail parcel on June 7, 2011. As of this date, though, the Clerk of this Court has not received a certified, supplemental record and Appellants have not otherwise responded to our Order of June 6, 2011.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Because the order appealed in this matter is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, Charles F. "Frank" Holland and Mary Lou Holland, and their surety for which execution may issue if necessary.

## PER CURIAM

---

[2] We acknowledge that the trial court certified the order appealed in this matter as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. If, however, there are pending claims in the trial court asserted by the Hollands, then the trial court improvidently certified the order as a final judgment.